IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **98-cr-365-DBS**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**CHARLES M. WHITAKER,**

        Defendant.

## ORDER

Kane, J.

This matter is before me on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Docket #52). Previously the case was assigned to Judge Sparr, who is now deceased. Therefore, the motion was assigned to me.

Having carefully considered Defendant's Motion, Defense Counsel's Supplement to Defendant's Pro Se Motion, the Government's Response, and all applicable legal authorities, and being fully advised in the premises, I DISMISS Defendant's Motion for lack of jurisdiction.

Mr. Whittaker was sentenced pursuant to a stipulated term provided in a plea agreement entered under Federal Rule of Criminal Procedure 11(e)(1)(c) (now codified at Fed. R. Cr. P. 11(c)(1)(C)). Under binding Tenth Circuit precedent, a defendant who is sentenced based on a valid Rule 11(e)(1)(C) plea agreement cannot seek a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a subsequent change in the

sentencing guidelines. *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996). The reason, as stated by the Tenth Circuit, is that the defendant was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," which is required for consideration of sentence reduction under 18 U.S.C. § 3582(c)(2). *See id.* I am therefore required to dismiss Mr. Whittaker's motion without further consideration. *See id.*

Through his defense counsel, Mr. Whittaker asserts that if his sentencing stipulation precludes sentence modification under 18 U.S.C. § 3582(c)(2), then his plea was not made knowingly or voluntarily because the trial court failed to advise him properly of this consequence. This challenge to Mr. Whittaker's plea and sentence may only be brought, if at all, pursuant to 28 U.S.C. § 2255. I will not, therefore, consider this challenge in connection with Mr. Whittaker's motion for sentence reduction under 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated this 6th day of January, 2009.

                                                              s/John L. Kane
                                                              John L. Kane, Senior District Judge
                                                              United States District Court